11-3044-ag
Diallo v. Holder

BIA
Elstein, IJ
A094 778 648

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand twelve.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge,*
>        BARRINGTON D. PARKER,
>        RICHARD C. WESLEY,
>             *Circuit Judges.*

_____

MAMADOU LAMINE DIALLO,
>        *Petitioner,*

>        v.                                    11-3044-ag
>                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____


FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Douglas E. Ginsburg, Assistant Director;
                     Aaron R. Petty, Trial Attorney, Office of
                     Immigration Litigation, Civil Division,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Lamine Diallo, a native and citizen of the People's Republic of Guinea, seeks review of a July 6, 2011, order of the BIA affirming the May 18, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Lamine Diallo*, No. A094 778 648 (B.I.A. July 6, 2011), *aff'g* No. A094 778 648 (Immig. Ct. N.Y. City May 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications governed by the REAL ID Act, such as Diallo's, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, or

2

inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency finding that Diallo was not credible rested in part on the fact that a letter he submitted from his friend Mr. Bobo did not include details of his role in helping Diallo to escape from prison. Generally, the agency may rely on omissions as the basis for an adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008). Diallo challenges the agency's assumption that the letter should have mentioned Mr. Bobo's past assistance; as Diallo observes, the letter was personal correspondence, written to inform Diallo of recent events in Guinea. But regardless of whether it was reasonable to expect that the letter would describe past events, remand would not be necessary because "we can state with confidence that the IJ would adhere to his decision were the petition remanded," because there are "ample, error-free grounds that provide substantial evidence to support the IJ's adverse credibility determination." *Singh v. BIA*, 438 F.3d 145, 149-50 (2d Cir. 2006) (quotations omitted).

The record, which contains specific instances of inconsistent testimony, supports the IJ's finding that Diallo's vague and unresponsive demeanor undermined his credibility. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Diallo gave conflicting testimony about whether he was arrested in January or July 2005, whether he was stripped naked in prison, and exactly how he was injured.

Contrary to Diallo, the IJ was not compelled to accept Diallo's explanation that he never said "January" as the date of his arrest and that any mistake was a result of the confused immigration proceedings. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (emphasis in original; quotations omitted)). Similarly, we defer to the IJ's conclusion that Diallo's testimony was inconsistent concerning how he was injured and how he was stripped of his clothes. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

4

Together, Diallo's demeanor and the inconsistencies in his testimony constitute substantial evidence in support of the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Accordingly, the agency did not err in denying Diallo's applications for asylum, withholding of removal, or CAT relief based on that credibility finding.  *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).  Because the agency's credibility finding supports the denial of relief, we need not address the agency's alternative finding that Diallo failed to meet his burden of proof.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk